UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN LEE KENNEDY,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>SCOTT HENROID, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:18-CV-0161-RCJ-CBC<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is plaintiff's failure to file an amended complaint pursuant to the court's order (ECF No. 10).

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On January 16, 2019, the Court issued an order dismissing the complaint with leave to amend and directed Plaintiff to file an amended complaint by February 15, 2019 (ECF No. 10). Thereafter, plaintiff's request to consolidate this case with his other case 3:17-CV-0468-MMD-WGC was denied (ECF No. 12). However, plaintiff was granted an extension of time to March 22, 2019 to either file an amended complaint or notice of voluntary dismissal (ECF No. 12). To date, plaintiff has done neither.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

(9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint expressly

1  stated: "Failure to file a timely amended complaint will result in a recommendation that
2  this case be dismissed in its entirety." (ECF No. 10). Thus, Plaintiff had adequate warning
3  that dismissal would result from his noncompliance with the Court's order to file an
4  amended complaint.

5      It is therefore recommended that this action be dismissed without prejudice based
6  on Plaintiff's failure to file an amended complaint in compliance with the Court's January
7  16, 2019 order.

8      The parties are advised:

9      1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of
10 Practice, the parties may file specific written objections to this Report and
11 Recommendation within fourteen days of receipt. These objections should be entitled
12 "Objections to Magistrate Judge's Report and Recommendation" and should be
13 accompanied by points and authorities for consideration by the District Court.

14     2.    This Report and Recommendation is not an appealable order and any notice
15 of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District
16 Court's judgment.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the Court enter an order **DISMISSING** this action **without prejudice** based on plaintiff's failure to file an amended complaint; and

IT IS FURTHER RECOMMENDED that judgment be entered accordingly.

DATED: April 30, 2019.

_____
UNITED STATES MAGISTRATE JUDGE